## JIM WEBB v. STATE.

No. A-4974. Opinion Filed July 23, 1925.
(238 Pac. 508.)

H. H. Edwards, for plaintiff in error.

Geo. F. Short, Atty. Gen. and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below.

From a conviction in the county court of Oklahoma county on a charge of having possession of intoxicating liquor with intent to sell, the defendant has appealed. The record in the case is very brief. Two witnesses testified for the state. The defendant did not offer any evidence. The testimony is that certain officers went to a place at 2800 W. Eleventh street, Oklahoma City, with a search warrant, there found the defendant with about 12 gallons of whisky, engaged in filling pint bottles. The whisky was seized, and the defendant arrested.

The defendant contends that since there was no proof that the search warrant under which the search was made was issued upon a proper affidavit, and since the state did not offer in evidence the affidavit made for the purpose of procuring a search warrant, that the evidence was incompetent. The record does not show any objection to the introduction of the evidence in question, and if the contention was ever tenable the objection was waived by failure to object to the introduction of the evidence. However, error is not to be presumed, but the presumption is that official action is in conformity to the law, and when it appears that a peace officer in making a search does so by authority of a search warrant, the presumption is that it was regularly issued upon proper affidavit, and it is incumbent upon a defendant, who challenges the sufficiency of the warrant or the affidavit, to show that they were not legal or sufficient, unless the proof on the part of the state should disclose such fact.

The judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.